CARTER MERCHANDISE COMPANY v. DICKSON.

1. CASE CRITICISED—ESTOPPEL.—The case of Lites *v.* Addison, 27 S. C., 226, recognized and followed; and where one purchased a due bill on the assurance from the maker that it would be soon paid, the maker is estopped from assailing it for want of consideration when afterwards sued by this purchaser.

2. PARTNERSHIP—MARRIED WOMAN—PLEA.—A debtor cannot resist the action of a partnership, his creditor, on allegation and proof that one of the firm is a married woman. The plea of such disability is a personal privilege of the married woman.

Before ALDRICH, J., Oconee, October, 1892.

Action by Carter Merchandise Company against J. M. Dickson, commenced June 4, 1892.

*Messrs. Thompson & Jaynes,* for appellant.

*Messrs. Stribling & Shelor,* contra.

September 14, 1893.  The opinion of the court was delivered by

MR. JUSTICE POPE.  J. H. Dickson, on the 21st day of March, 1892, purchased from J. J. Haley 58,000 shingles, at $1.50 per thousand, on a credit for thirty days, and delivered a due bill therefor, of which the following is a copy:

"Westminister, S. C., March 21, 1892.  Due J. J. Haley eighty-seven dollars, to be paid inside thirty days, for (58) fifty-eight thousand shingles.  (Signed) J. M. Dickson."  This due bill was not paid at its maturity.  On the 11th day of June, 1892, for full value, J. J. Haley sold said due bill to the Carter Merchandise Company, a firm of merchants composed of Thomas N. Carter, Mourning J. Carter and Jesse Carter, but before said firm would purchase said due bill, they made inquiry of J. M. Dickson as to its validity, and received assurance that it would be paid in a week or ten days, and after this assurance such firm purchased.

J. M. Dickson having failed to pay, the Carter Merchandise Company brought suit thereon in a court of trial justice.  In this suit defendant offered the plaintiff firm judgment for $70, interest and costs.  This offer being refused, the defendant Dickson sought to prove failure of consideration in both the quantity and quality of shingles sold to him by Haley.  The trial justice held that the defendant was estopped from such a plea.  The defendant also demurred to the capacity of plaintiffs to sue, because one member of the firm was a married woman.  The trial justice overruled the demurrer, and gave judgment against defendant for the full amount, both principal and interest, of the due bill.  An appeal was then taken to the Circuit Court, where, after a full hearing, the court sustained the judgment of the trial justice.

From this last judgment an appeal was taken to this court on three grounds:  "1. Because his honor, the presiding judge, erred in holding that the defendant is estopped from pleading a failure of consideration as to the due bill sued on, and affirming the judgment of the trial justice court on the question of

estoppel. 2. Because the presiding judge erred in holding with the trial justice, that under the evidence the defendant was estopped from pleading failure of consideration. 3. Because the presiding judge erred in holding that the plaintiff has legal capacity to sue, it being a copartnership, having for one of its members a married woman, who has no power under the law to enter into a contract of copartnership.''

It seems to us that the first two grounds of appeal are disposed of by the case of *Lites* v. *Addison*, 27 S. C., 226. In the case cited, the note made by Addison to Traylor was past due when Traylor sold the same to Lites, but Lites before purchasing made inquiry of Addison as to the note, and was informed ''that he had given the note, it was all right, and he expected to pay it the first of January.'' Subsequently the consideration of the note failed, but this court, in a carefully prepared opinion of the present chief justice, held that Addison was estopped as against Lites to plead a failure of consideration. In the case at bar, the due bill of Dickson was past due. The purchaser, the plaintiff, before the purchase made inquiry of the maker, and it is a fact found both by the trial justice and the Circuit Judge that the plaintiff-firm, in reliance upon the statements as to its validity and his intention to pay at a very early date, made by Dickson, the maker, then purchased the note. Clearly in such a case as the present, good faith would be broken if Dickson should be allowed at this day to interpose the plea of a failure of consideration. These grounds of appeal are dismissed.

Nor can we find any merit in the third ground of appeal. It is difficult for us to conceive of any injury to the defendant that could possibly arise from his payment of the due bill to the plaintiff firm. He certainly owes the debt. Haley has in writing directed its payment to the firm. The mere fact that one member of the firm is a married woman cannot alter the debtor's relation to that firm. If any power exists in this particular married woman to avail herself of any personal privilege or protection because of her coverture, she certainly has not exercised it in this instance. It is not in the

power of this defendant to set up for her any personal privilege against her solemn protest.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.