## 9000

### GIBBES MACHINERY CO. v. HAMILTON.

(84 S. E. 296.)

APPEAL AND ERROR. FINDINGS OF FACT. ESTOPPEL. DEFAULT JUDGMENT. INTEREST. REFERENCES.

1. APPEAL AND ERROR—FINDINGS OF FACT IN CHANCERY CASES.—The burden is on appellant in chancery cases to show that the preponderance of the evidence is against the concurrent findings of the referee and trial Judge.

2. ESTOPPEL—MORTGAGES.—Where a purchaser knowing of defects in goods, accepts them, trusting to the verbal promise of the seller to correct the defects, and gives such seller a note and mortgage for the purchase money to be used as a means of obtaining money or credit from third parties, such purchaser is estopped as against an innocent holder without notice of the defects, extending credit or advancing money on an assignment of such note and mortgage, to show such defects or to claim a deduction therefor from the amount due on the note and mortgage.

3. BILLS AND NOTES—BONA FIDE PURCHASERS—ACTS MAKING INJURY POSSIBLE AS BETWEEN ACTOR AND ANOTHER EQUALLY BLAMELESS.— Where defendant executed a note and mortgage on real property as the consideration for certain machinery on the faith of the payee's oral promise to fulfill a prior unperformed promise to put the machinery in workable condition, knowing that the payee desired the note and mortgage to use as a means of credit, defendant, as against a *bona fide* assignee of the note and mortgage, could not successfully defend because of nonperformance of such promise under the rule that, when one of two innocent persons must suffer, the loss must fall on him who has made the loss possible.

4. JUDGMENT BY DEFAULT ON COUNTERCLAIM.—Judgment should not be rendered by default upon a counterclaim in the absence of proof to sustain it.

5. INTEREST.—A note bears interest after maturity at only seven per cent. in the absence of a stipulation in writing for a higher rate.

6. MORTGAGES—FORECLOSURE—DEBT—INTEREST.—Where a note secured by a mortgage bore 8 per cent. interest, it was error to calculate interest on the note after maturity at 8 per cent. in determining the amount due on foreclosure.

7. REFERENCES—APPEAL AND ERROR.—Grounds of objection to a referee cannot be considered on appeal unless they appear on the record.

FOOTNOTE.—See *Lites* v. *Addison*, 27 S. C. 226, 3 S. C. 214; *Carter Merchandise Co.* v. *Dickson*, 39 S. C. 433, 17 S. E. 996, and note in 50 L. R. A. (N. S.) 1023 as to estoppel to contest commercial paper by representation to prospective purchasers.

Before SEASE, J., Hampton, February, 1914. Modified.

Action for foreclosure of chattel mortgage securing a note which did not provide for interest after maturity. From a judgment in favor of the Gibbes Machinery Company against the defendant, W. T. Hamilton, the latter appeals. The facts are stated in the Circuit decree, which is recited in the opinion as follows:

"This case came on hand to be heard by me at the February term of the Court of Common Pleas for Hampton county on exceptions to the report of a special referee."

"The action was begun by Gibbes Machinery Company, as assignee, to foreclose a mortgage given by W. T. Hamilton to Varn Brothers Company on March 30, 1908. The International Harvester Company of America was made a party defendant, but it did not answer. The defendant, Hamilton, answered by alleging collusion between plaintiff and Varn Brothers Company to defraud the defendant out of the amount named in his note and mortgage, and also claimed to have been damaged $1,000.00 by reason of such collusion and fraud."

"On July 13, 1907, the defendant, W. T. Hamilton, purchased from Varn Brothers Company one cotton gin, one press with the necessary shafting, belting and pulleys, which machinery was second hand, and the following farming implements which were new: One Deering mowing machine, one Deering rake, one Deering reaping attachment, one Captain Kid cultivator, one plow attachment, the purchase price for the entire outfit, both gin and farming implements, being $586.50. The defendant, W. T. Hamilton, to pay this amount, gave his five promissory notes to Varn Brothers Company and secured the payment of same by a chattel mortgage over the property purchased and a gasoline engine not purchased at the time the ginning outfit and farming implements were purchased. As additional security for the debt, W. T. Hamilton gave Varn

Brothers Company a bond for the amount of the debt and secured the payment of the bond by a mortgage over 218 acres of land. The five notes, the chattel mortgage, and the bond and real estate mortgage were given at the time that the machinery and farming implements were bought."

"The notes matured during the fall of 1907 and payment was demanded by Varn Brothers Company. After the first one or two notes had fallen due, the defendant, W. T. Hamilton, replying to a letter written by Varn Brothers Company to him demanding payment of the notes, stated that he was .not able to meet his payments on his notes and craved indulgence. In the same letter he signified his willingness to return the machinery to Varn Brothers Company, but Varn Brothers Company. would not accept this proposition. On March 30, 1908, W. T. Hamilton executed to Varn Brothers Company a new note for the full amount of the debt, including accrued interest, $617.44, and secured the payment of the note by a mortgage over certain real estate. This new note and mortgage were assigned for value by Varn Brothers Company to Gibbes Machinery Company in June or July, 1908, and Gibbes Machinery Company is now the owner and holder of the said note and mortgage. The note is not negotiable, hence Gibbes Machinery Company took the same subject to all legal defenses existing between Varn Brothers Company and W. T. Hamilton. The note bears eight per cent. interest and provided for ten per cent. attorney's fees."

"The action was tried before a special referee and a great mass of testimony as to the entire transaction, failure of consideration, and collusion or fraud was offered. The referee rendered his report in favor of the plaintiff. The defendant's attorney appeared before me on some twenty exceptions for the referee's report. Considerable time was given to the hearing of testimony and arguments in this case and I am convinced that there was no evidence of collusion or fraud on the part of Gibbes Machinery Com-

pany and Varn Brothers Company, nor was there any fraud committed by Varn Brothers Company alone or by Gibbes Machinery Company alone."

"The testimony upon the question of failure of consideration was very conflicting, but there was abundant testimony to support the findings of the referee on this point. Moreover, the fact that the defendant, W. T. Hamilton, after some of his first notes were due, acknowledged his indebtedness before he made any complaints as to the condition of machinery; and the further fact that on March 30, 1908, some several months after his debt was due, the defendant, W. T. Hamilton, executed a new note for his entire debt, including accrued interest, securing same by a new real estate mortgage, are sufficient to convince me that the referee was right when he found that there was not established a failure of consideration and that this was a just and honest debt which W. T. Hamilton ought to pay."

Then follows the formal decree in favor of plaintiff.

*Mr. B. R. Hiers,* for appellant, submits: *Burden of proof on plaintiff:* 92 S. C. 149. *Interest only 7 per cent. after maturity:* 25 S. C. 152. *Circumstantial evidence of fraud:* 75 S. C. 388; 86 S. C. 201; 89 S. C. 259; 66 S. C. 61; 92 S. C. 146. *Counterclaim:* 8 S. E. 639; 78 S. C. 428; 74 S. C. 205, 206; 66 S. C. 61, 166. *Punitive damages:* 77 S. C. 188. *Rescission of contract:* 72 S. C. 374; 79 S. C. 205; 86 S. C. 200. *Fraud:* 80 S. C. 296; 87 S. C. 91. *Damages recoverable under counterclaim:* 66 S. C. 61; 31 S. C. 319; 16 S. C. 352. *Mortgage a cloud on title:* 7 Cyc. 255.

*Mr. J. W. Manuel,* for respondent, submits: *Purchaser waived known defects by giving new note and mortgage:* 78 S. C. 205; 34 S. C. 516.

February 13, 1915.

The opinion of the Court, after reciting the foregoing decree, was delivered by MR. JUSTICE FRASER.

I. There are twenty-three exceptions; all but three complain of error in the Circuit Judge in sustaining the findings of the referee. The appellant has failed to convince this Court that the preponderance of the evidence is against the concurrent findings of the referee and Circuit Judge, and the exceptions that complain of the confirmation of the referee's report cannot be sustained. Besides, there is in this case a cardinal fact upon which the determination of this case must turn against the appellant. The appellant himself testified as follows:

"Mr. Varn wrote me that if I didn't pay the debt, or part of it, he would foreclose mortgage. In January, 1908, Mr. Varn came to me and told me he would collect the debt. I refused to pay the debt until he fixed the machinery to do the work as he agreed to do. He came back first of March and had got very kind. Told me he had treated me wrong with the machinery, but that he would do what was right. That he would fix that machinery just as he had contracted to do in 1907, and gave me to March 1, 1909, to pay for it, if I would renew the mortgage, and that he would fix it. If he didn't do it it would not cost me one cent, just as he had promised. He said he made these statements because he was tied up and wanted to borrow some money, or at least to pay for some machinery. I promised if he would do that I would renew the mortgage, but he must give me a contract. He said I had one, and I told him I didn't. He saw me later, said he had the paper ready. I started towards Mr. Warren's and he said hold on, they are not over there, they are not over there, they are over at Mr. Smith's, the papers. I went to Mr. Smith's office. Mr. Smith read the paper. I told Mr. Varn I would sign, but unless he fixed that machinery I would never pay for it until the laws of my

country made me do it.    That was about the 30th day of March."

There is a wise and just principle of equity that when one of two innocent persons must suffer loss, then the loss must fall on him who has made the loss possible.

2, 3    Here the note and mortgage sued upon were made in order to enable Varn Brothers to use them in their business; to assign them and use as a means of· credit, and if, as the appellant testifies, he then knew of the defects and trusted to the verbal promise of Varn and put in his hands the note and mortgage to enable him to get the respondent's property, then equity required the appellant to bear the loss.    There was no evidence that the respondent had any notice of defects in the machinery or was guilty of fraud.    See *Chambers* v. *Bookman, 67 S. C. 432, 46 S. E. 39.*

II. Exception 10. "Because of error of his Honor, the presiding Judge, in sustaining the referee in not finding in favor of this defendant for his counterclaim, this defendant having alleged in his answer a counterclaim against plaintiff for one thousand dollars damage, which plaintiff failed to controvert by any pleadings, and this defendant having offered testimony to prove said counterclaim."

4·    This exception is overruled.    There is no evidence of fraud on the part of the respondent.

III. Exception 18. "Because of error of his Honor, the presiding Judge, in sustaining the referee in holding that the amount of the debt, with interest and attorney's fees, is $852.70, and that plaintiff is entitled to a decree of foreclosure in this amount."

5, 6    It was error to calculate interest on the note after maturity at eight per cent.

IV. Exception 19. "Because of circumstances of this case that practically forced this defendant to submit to the trial of this case before this referee, he having been objectionable to him from the beginning."

This exception is overruled. The record does not show that any grounds of objection to the referee were stated and there is no ground upon which this Court can base a finding of error.

The judgment of this Court is, that a *new trial* shall be had, unless the respondent shall remit on the record the difference between interest at seven and interest at eight per cent. within ten days after notice of the filing of the remittitur in the Circuit Court.