## 9100

### WILLIAMSON HEATER CO. v. PAXVILLE SCHOOL DISTRICT *ET AL.*

#### (87 S. E. 69.)

SALES. BREACH OF WARRANTY. NOTICE. WAIVER. EXPERT MANAGEMENT. ESTOPPEL. ISSUE. COUNTERCLAIM.

1. SALES—BREACH OF WARRANTY—NOTICE.—Where defects in, and breach of warranty as to, an article sold can only be ascertained after actual use, efforts of the buyer to test the article and give it a fair trial may explain and excuse his delay for a long time after use in calling such defects, or breach, to the seller's notice.

2. SALES—TRIAL—EXPERT MANAGEMENT.—Where expert management of a heating plant for a country school was neither expected nor available, and the purchaser gave the seller every opportunity to make such plant work, and the latter fails to do so, he cannot defend against breach of warranty on the ground that the failure to work was due to lack of expert management.

3. SALES—BREACH OF WARRANTY—ESTOPPEL.—Where there has been no change of position of the original parties, and the rights of third parties have not intervened, mere delay in giving notice of defect, or breach of warranty, does not defeat the right of action therfor.

4. WAIVER—ISSUE.—Waiver is ordinarily a question to be submitted to a jury.

5. SALES—BREACH OF WARRANTY—COUNTERCLAIM.—Damages arising from breach of warranty on a sale may be set up as a counterclaim, in an action on a note given for the purchase money.

Before RICE, J., Manning, Fall term, 1914. Affirmed.

Action by the Williamson Heater Company, plaintiff-appellant, against the Paxville School District No. 19, F.

S. Geddings, J. W. Mims, T. Parker Brown, trustees Paxville School District No. 19, and F. S. Geddings and T. Parker Brown, individually, defendants-respondents.

From a judgment for defendants, plaintiff appeals.

The facts are stated in the dissenting opinion, delivered by MR. JUSTICE WATTS.

*Mr. J. J. Cantey,* for appellant, submits: *Purchaser was estopped to plead breach of warranty:* 52 S. C. 382; 97 S. C. 129; 134 Ga. 325; Daniel, Negotiable Instruments (5th ed.), par. 1150. *Evidence of waiver:* 106 Iowa 85; 148 Fed. 145; 39 Mo. App. 67; 84 S. C. 96. *No question for jury under evidence produced:* 63 S. C. 197. *Effect of giving new note for purchase money:* Daniel, Neg. Inst. (5th ed.), pars. 1164, 1162; 20 How. 496. *Error in admitting evidence to sustain counterclaim:* 91 S. C. 423; 85 S. C. 350; 30 S. C. 111; 77 S. C. 495; 57 S. C. 493; 78 S. C. 205. *Supreme Court should render judgment absolute for plaintiff:* 92 S. C. 361.

*Mr. Charlton Durant,* for respondent.

May 12. 1915.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The dissenting opinion of MR. JUSTICE WATTS fully sets forth the facts of this case and they need not be twice stated.

It is doubtless true that where a buyer has the opportunity to inspect his purchase before its acceptance he may

FOOTNOTE.—As to necessity of compliance with conditions of warranty, see note in 50 L. R. A. (N. S.) 783 to 805, and as to right of purchaser to reject goods for breach of warranty, see note in 27 L. R. A. (N. S.) 914 to 924.

be held to have waived any defects that were apparent, but here the facts complained of could be made to appear only by actual use. After actual use the defects now complained of were not called to the attention of the plaintiff for a long time, but this is explained by the defendants by saying that they were making every effort to make a fair trial and give the plant the fullest opportunity to do its work under its guarantee, *i. e.,* that it would satisfactorily heat the building.

There is a suggeston, but no proof, that the trouble was that there was a want of expert management of the heating plant. Can it be said that a heating plant for a country school that required expert management was satisfactory? There was no attempt to show that expert management could have been expected or was available. It is not contended that the school did receive that for which they contracted, to wit, satisfactory heat. The defendants then called for and offered to pay for an expert of the plaintiff's own choosing. The expert went to the school, but did not remedy the defect. The defendants gave the plaintiff every opportunity to make its plant work and the plaintiff did not do it.

If the rights of third parties had intervened, a different question would have been presented as in the recent case of *Gibbes Machinery Company* v. *Hamilton,* 99 S. C. 57, 84 S. E. 296. No such question is presented here. If the plaintiff were in any worse position than it would have occupied, then estoppel might have arisen, but no such change of position is pleaded or proved and we do not see the ground for estoppel. Waiver is ordinarily a question for the jury, and we do not see that it has become a question of law here so as to authorize the Judge to declare as a matter of law that the defendants have waived the question of failure of consideration.

The defendants further set up damages for the failure of the guarantee. The defendants had the right to pay the note and bring suit on the breach of the guarantee, or they had the right to set it up in this action. See *Kirven* v. *Chemical Co.,* 77 S. C. 493, 57 S. E. 424.

There was evidence to sustain the claim and the judgment is affirmed.

Inasmuch as the verdict of the jury practically set aside the contract as broken, and defendant recovered judgment for all that had been paid thereon, the plaintiff should be allowed to remove the useless heating plant, provided the building be left in substantially as good condition as it now is.

MESSRS. CHIEF JUSTICE GARY and JUSTICES HYDRICK and GAGE concur in the opinion delivered by MR. JUSTICE FRASER.

MR. JUSTICE WATTS, *dissenting.* This is an action by plaintiff against the defendant on account of a note executed and delivered by J. W. Mims, clerk of the school board, for the sum of $270.30, with interest and attorney's fees. The note was executed and delivered to the plaintiff by the trustees of Paxville School District as part payment of the purchase price of a heating plant that had been installed in the school building of the Paxville School District No. 19. The note was signed by J. W. Mims, clerk of the school board, and endorsed by F. S. Geddings and T. P. Brown. When the note matured it was properly presented for payment and payment refused and the note protested for non-payment, after that suit was brought. Defendants answered and alleged failure of consideration on the ground that the heating plant installed by the plaintiff had not given satisfaction, and set up a counterclaim for damages in the sum of $500. The cause came on for trial before Judge Rice and a jury and resulted in a verdict in favor of the

defendants on the counterclaim in the sum of three hundred dollars.   A motion for a new trial was made by the plaintiff, which motion was refused, and, after entry of judgment, plaintiff appeals.

Exceptions one and two are: (1) The Circuit Judge erred as a matter of law in refusing to direct a verdict for the plaintiff for the amount of the note in question and attorney's fees, when the uncontradicted evidence showed that the respondents admitted in writing the validity of the debt upon said note coming due and promised to pay same, and did not raise the question of failure of consideration, and thereby induced plaintiff to postpone action upon said note, and defendants were thereby estopped from raising the question of a failure of consideration of breach of guaranty or warranty.

(2) The Circuit Judge erred as a matter of law in refusing to direct a verdict for the plaintiff for the amount of the note in question and attorney's fee, when the uncontracted evidence showed that the defendants admitted in writing the validity of the debt upon said note coming due and promised to pay same, and did not raise the question of a failure of consideration, and thereby waived the defense of a failure of consideration or breach of guaranty or warranty.

The contract was entered into by the parties on August 5, 1912, and the work was to be done within one year from that time.   After the execution of the contract and after the heating plant had been installed the plaintiff's representative operated it in the presence of the defendants, trustees of said school, who accepted the same and made part payment thereon and executed the note sued on; this note is dated August 5, 1913, and is due December 5, 1913.

The defendants retained the heating plant for more than one year and made no complaint that it was defective or failed to give satisfaction.   When the note became due, and was not paid, but was protested for nonpoyment, the defendants admitted by letter, it was due and promised to

pay the same and requested an extension of the time, and made no complaint that they were dissatisfied or that there was a failure of consideration, but, on the contrary, the following letters were written:

Paxville, S. C., 8-18-'13.

Messrs. Peck-Williamson Heating and Ventilating Co., Cincinnati, Ohio.

Dear Sirs: We have just received notice from the bank in reference to our note being due. We would like for you to extend it about four months for us, if you possible could, as we are very hard up for money right now. By the first of December people will be paying in taxes and we can pay it much easier. If you will do this for us we will greatly appreciate it. We will pay the interest. Yours truly,

(Signed) J. W. Mims, Clerk.

Paxville, S. C., 12-3-'13.

Messrs. Peck-Williamson Heating and Ventilating Co., Cincinnati, Ohio.

Dear Sirs: We have just received notice from the bank of our note to you which we know is due, but on account of the taxes coming in so slow we have not got the funds in the treasury yet, so will ask you, if you possibly can, to please extend our note a few months longer with interest. We hate to ask it of you, but we are just in this condition right now. Please let me know at once what you can do for us.

Yours truly, (Signed) J. W. Mims, Clerk.

Paxville, S. C., 12-23-1913.

Messrs. Peck-Williamson Heating and Ventilling Co., Cincinnati, Ohio.

Dear Sirs: Yours of the 19th inst. received. No doubt you are somewhat surprised to be notified at this late date about the heating plant not giving satisfaction, but we kept thinking that we could get it to work all right and kept working at it thinking it would work, but find that we cannot do anything with it. So you can send a man under conditions

in your letters. As soon as you send your man and he gets the heating in a satisfactory shape we will give him check for the $77.00 and sign the notes and send to you.

Yours truly, (Signed) J. W. Mims, Clerk.

Here we have a letter of August 18, 1913, and one of December 3, 1913, over a year after the heating plant was installed, and not a complaint or suggestion that there was a failure of consideration, but on the contrary, a renewed promise to pay the note and a request for indulgence and extension of time and a distinct promise to pay the same, but on December 23, 1913, we hear of the first complaint that there is dissatisfaction and failure of consideration. This is over sixteen months after the heating plant had been installed and received by the trustees. It was the duty of the defendants to have made complaint within a reasonable time. These defendants were persons of intelligence, and ordinary care and prudence required them to ascertain within a reasonable time whether they were satisfied with the installation of the heater, and, if not, to complain. The only inference that can be drawn from the evidence in the case is that the defendants did not use due diligence in ascertaining if there were any of the alleged defects complained of, and should have notified the plaintiff earlier. They should not now be allowed to complain and rescind; but are estopped not only by the fact that they did not investigate and complain earlier, but by two letters failed to do so, and ratified the agreement to pay the note, and begged for indulgence and extension of time in order that they might be prepared to pay it. When they asked for an extension of time to arrange to pay the note they did so with full knowledge as to the installed heater, and if they did not have full knowledge it was their duty to have known, and they could have known if they had exercised ordinary care in investigating the plant; and with full knowledge of what they knew or should have known they waived their right to

plead failure of consideration, and it would open the door wide to allow such a plea to defeat the plaintiff's recovery under such facts as are developed in this case.

His Honor should have directed a verdict in favor of the plaintiff; there could be but one inference drawn from the facts. The defendants were empowered to contract as they did, and the fact that they are trustees of a school district does not entitled them to any more consideration than that of individuals as long as they stay within the law and act within the scope of their authority. It was conceded that $35 would be a reasonable fee for plaintiff's attorney. I think that the judgment of Circuit Court should be reversed and case remanded to the Circuit Court, with instructions to the clerk of Court for Clarendon county to enter up judgment in favor of the plaintiff for full amount of note, principal and interest to date of entry of judgment with protest fees and $35 attorney's fees.